## STEWART, BY &c. PLAINTIFF IN ERROR, vs. EMORY, DEFENDANT IN ERROR.

On a certiorari to remove proceedings under the "act against forcible entry and detainer," bail to prosecute must be given before the writ issues; if not given, the writ will be quashed.

CERTIORARI, to two justices of the peace, to certify up their proceedings, in a case under the "act against forcible entry and detainer," on the return of the certiorari.

WRIGHT, for the defendant moved to quash the writ.

1st. Because no bond has been given.
2d. Because no notice has been given.

GOODENOW, contra.

PRESIDENT.—The 5th section of the "act against forcible entry and detainer," provides, "that the proceedings under that act, may be removed, by certiorari, into the court of common pleas, and there be quashed for irregularity, if such there be." It is urged, that because this act giving the right to remove such causes, by writ of certiorari, does not require bail to be given, that this proceeding is correct without bail, and that the 18th section of the

" act defining the duties of justices of the peace," &c. does not extend to this case. I should doubt that position, if there was no such provision of the law as is contained in the last mentioned section, because it would be contrary to the uniform policy of our laws to allow a writ of error to issue without bail being given. But the last mentioned section of the law leaves no room to doubt on the subject; that requires the clerk of the court issuing a writ of certiorari " to require and take from the person requesting such writ, previous to his granting the same, a bond with sufficient security," and this in all cases. The same section also requires the person applying for such writ, to notify the adverse party thereof. As to this, it is unnecessaey to give any opinion ; for unless the clerk of the court takes bail previous to issuing the writ, he issues it without the sanction of law. It is, therefore, illegal and void. Such being the case with this writ, it must be quashed.